UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-3

| | | |
|---|---|---|
| **NICOLE IDA JOSEPH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL MOSES JOSEPH and** | ) | |
| **ANTHONY ROBERT JOSEPH,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days (plus three days for service by mail inasmuch as plaintiff is proceeding *pro se*), all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.

**I.   Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

Plaintiff, proceeding *pro se*, has filed an Objection to Memorandum and Recommendation (#20). Defendants then filed a Response to Plaintiff's Objection (#21). Weeks later, plaintiff also filed a Motion to Transfer (#22) and Supplemental Documentation in Support of Objection (#23). The Court has given careful consideration to each Objection and conducted a *de novo* review as warranted. In light of plaintiff's *pro se* status and in the interest of ensuring justice is done, the court considered plaintiff's Supplemental Documentation in Support of Objection (#23), in addition to her original Objections (# 21), even though such filing was procedurally inappropriate. The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

Turning to plaintiff's Objections, plaintiff first contends that the magistrate judge has wrongfully recommended dismissal of the matter without transferring it to another court. "[F]or the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a) (emphasis

added). Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a). I-T-E-Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965); American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980).

Here, plaintiff filed a Motion to Transfer (#22) after the Memorandum and Recommendation, and after she filed her Objections (#20). Extending latitude to *pro se* plaintiff, the court has considered the Motion to Transfer before reaching the substance of the Memorandum and Recommendation or the Objections. Haines, 404 U.S. at 520. Plaintiff does not, however, suggest an appropriate federal forum to which to transfer this matter, but merely reiterates her earlier objections. Here, it is plaintiff who implicitly chose this forum and it is plaintiff who implicitly asserted that this court had jurisdiction over her claim. For these reasons, the court declines to transfer this matter.[1]

Plaintiff's second objection is that her constitutional rights are being violated as she has a right to a fair and speedy trial, and because "no person shall be deprived of life, liberty, or property without due process of law." Plaintiff further argues "[t]hat as an American [she] ha[s] the right to receive a fair trial." (#20); (#22, p.2). Here, plaintiff's objection is irrelevant to the Memorandum and Recommendation, because there is no constitutional question at issue. Instead, at issue is whether this court has personal jurisdiction over defendants. As such, plaintiff's objection is overruled.

Furthermore, in Plaintiff's Supplemental Documentation in Support of Objection (#23), she argues that the court does in fact have personal jurisdiction over defendants because (1) defendants deposited multiple checks from plaintiff's bank account located in Charlotte, North

---

[1] The court notes for plaintiff's benefit that this matter's dismissal is without prejudice and will thus not preclude her from filing again in a proper forum.

Carolina; and (2) defendants entered into a contract in Charlotte, North Carolina, and thus defendants should have reasonably foreseen defending their actions in a North Carolina court. The court will address these arguments in turn.

In regard to personal jurisdiction, plaintiff first argues that because defendants deposited multiple checks from plaintiff's bank account located in Charlotte, North Carolina, defendants should have reasonably foreseen being haled into court in North Carolina. Such actions by defendants do not create "substantial" or "continuous and systematic" contacts or activities in North Carolina. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Defendants merely received checks from plaintiff, which were drawn on plaintiff's bank in North Carolina. In order to deposit checks, defendants did not perform any type of activity within North Carolina, and it was not even foreseeable that defendants could cause injury in North Carolina. Thus, defendants do not have minimum contacts in North Carolina. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (holding minimum contacts do not exist simply because it was foreseeable that defendant could cause injury in another state). As such, plaintiff's objection is overruled.

Next, plaintiff argues that because defendants entered into a contract in Charlotte, North Carolina, defendants should have reasonably foreseen being haled into court in North Carolina. Entering into a contract with an out-of-state party does not automatically establish minimum contacts in that party's home state. See id. at 418. Rather, a court must examine factors including place of negotiation, contemplated future consequences, and the course of dealing. See id. at 479. Based on such factors, a court then determines whether a contract demonstrates that a defendant purposely availed itself of the forum state. See id.

Here, plaintiff provides no evidence to suggest that defendants negotiated the contract in North Carolina, and it appears that defendants executed the alleged contract in Orange County, California. (#1, pp. 154-55). Next, the contract concerned a number of real properties, none of which were located in North Carolina. (#1, p. 7). Finally, plaintiff does not allege that any of the acts or omissions that allegedly breached the contract took place or should have taken place in North Carolina. (#1, p. 7-8). Thus, these factors demonstrate the defendants did not purposefully avail themselves of the laws of or protections afforded by the State of North Carolina. See Burger King Corp., 471 U.S. at 479. As such, plaintiff's objection regarding the contract is overruled, and the court does not find it has personal jurisdiction over defendants.

Finally, plaintiff argues that this court has personal jurisdiction because the California estate at issue in this matter "owns property and assets in several different states" and "owns land in a foreign country." (#23, p. 1). These assertions concerning the location of the assets of the estate (which appears to be in the form of a trust governed under California law) has been accepted as true for the purposes of this discussion; however, such are not helpful to plaintiff on the issue of whether this Court has personal jurisdiction over these defendants. Indeed, it is undisputed that the trust holds real property in California and South Carolina, but not in North Carolina, that the trust is governed by California law, and that defendants acts of which plaintiff complains allegedly occurred in California. Complaint (#1, at pp. 58-63). As such, plaintiff's objection is overruled.

Turning back to the Memorandum and Recommendation, the Honorable David C. Keesler, United States Magistrate Judge, determined that this Court lacked personal jurisdiction over these defendants. After a detailed analysis, he determined that the Court lacked both general and specific jurisdiction. After careful review, the Court determines that the recommendation of the magistrate

judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. The court will also deny Plaintiff's Motion to Transfer since plaintiff does not offer an appropriate forum to which to transfer this matter. However, the court will dismiss this matter without prejudice, and therefore plaintiff will be free to re-file her action in an appropriate forum.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#18) is **AFFIRMED**, defendant's Motion to Dismiss (#8) is **GRANTED**, plaintiff's Motion for Expedited Consideration of Motion to Dismiss and Declaratory Judgment (#16) is DENIED as moot, Plaintiff's Motion to Transfer (#22) is **DENIED**, and this action is **DISMISSED** without prejudice.

Signed: August 29, 2018

Max O. Cogburn Jr
United States District Judge